Hitchcock, J.
A short history of this ease may not be uninteresting, and although it may not, and can not be necessary to a correct decision, still it will show the difficulties which this woman has had to encounter in order to get her dower.
The original bill was filed in the court of common pleas of Hamilton county, on March 24, 1827. The bill being answered, and evidence taken, the case came on for hearing at the August term of that court, 1829. On this hearing the court held that the deed of Bart and wife to D. E. Wade could not operate to bar her right of dower, as the acknowledgment was taken before the mayor of Cincinnati, who, it was claimed, under the law then in force, was not authorized to take the acknowledgment of deeds. And a decree was rendered in favor of the complainants, assigning dower, as of the value of the property at the time of alienation by the husband, in conformity with what was then supposed to be the law, and in accordance with the decisions of the Supreme Court in similar eases, previously made in the county of Hamilton. At the December term of this court, 1833, the case of Dunseth against the Bank of the United States was decided, in which it was held, that a widow should be.endowed according to the value of the 130] ground at the time of the assignment, *excluding increase of *131 value from Improvements, but including increased value from other extrinsic and general causes. After this decision, on August 30, 1834, and when the time limited for such purpose was near expiring, the complainant filed a bill to review the decree of August term, 1829, and the error assigned was, that dower had been assigned as of the value of the property at the time of alienation. This bill of review came on for hearing at the June term of the court of common pleas, and the former decree was reversed. From this decree of reversal an appeal was taken to this court, and in this court the case was heard at the April term,' 1838, the original decree of the court of common pleas reversed, and the case set down for hearing upon the original bill, answers, exhibits, and testimony. In the meantime a decision had been made by this court recognizing the right and power of the mayor of Cincinnati to take the acknowledgment of deeds. If, then, the case had been heard upon the evidence as exhibited in the court of common pleas^ there must have been a decree for the defendants. But upon the suggestion of counsel that at the time of the execution of that deed, the complainant, Sarah Hughes, was an infant within the age of eighteen years, the case was continued. And it now stands for hearing in this court upon the facts set forth in the statement of the case. Thus, it will be seen that it is now more than thirteen years since these proceedings were instituted, and more than twenty-three years since the right of dower of the complainant, Sarah, was consummated by the death of her late husband, Andrew Bart. If she can not succeed in this case, she will be barred of this right, the court having decided at the present term that the statute of limitations operates upon a claim for dower, as well as upon any other action for the recovery of the possession of real estate.
The statement of the case shows that the complainants are entitled to the relief sought, unless barred by the deed of March 24,. 1807. The counsel for complainants insist, that the relinquishment of dower in this deed is no bar, because, at the time the deed was executed, the complainant, Sarah, was *an infant. On [131 the other hand, it is contended that if the deed was duly oxecuted,. it is a bar by the express terms of the statute, and that the age of the party executing is a matter of no moment. This presents the-first question for consideration. The position of the defendants’’ *132 counsel is sustained byan argument ingenious and plausible, if not conclusive.
The law in force relative to dower, at the time this deed was executed, was the act of February 12, 1805. This act repealed all previous laws on the subject of dower, and it is, therefore, unnecessary to inquire what those previous laws were. In the first section it provides : “ That the widow of any person dying intestate, or otherwise, shall be endowed of one full and equal third part of all the lands, tenements, or other real estate of which her husband was seized as an estate of inheritance, at any time during the coverture, to which she shall not have relinquished her right of dower by deed daly executed.” It will be seen that in this provision nothing is said as to the age of the wife, or as to the manner of execution of a deed, or of its acknowledgment, so that it may be “duly executed and acknowledged.” From this omission the inference is drawn that the age is immaterial. It might as well be inferred that under this law a deed executed by the wife alone, and without witnesses, would be good and valid. And, by adopting this conclusion,-we should be led to this absurdity, that a feme covert, who, as a general principle of law, can make no contract, may, without the consent of her husband, convey an interest in land by deed at an age when a feme sole would be incapable of conveying by deed, or in any other manner. Such could not have been the intention of the law. True, the counsel insist that a feme covert has no interest in the lands of her husband during the ■coverture. But it is not so. She has an interest, of which the husband, by any act of his, can not deprive her. And it is an inderest which will be available to her, provided she survive her ’husband. During coverture she is under his protection, and he is bound to support her, and if he leave her a widow she is entitled to a support from his estate, so far as the use and occupation 182] of *one-third part of the lands of which he was possessed ■at anytime during the coverture will furnish such support.
Since the organization of a government northwest of the river ■Ohio, by the ordinauce of 1787, there has been no time that there has not been, within the present limits of Ohio, a law prescribing the manner of executing and acknowledging deeds. This law has been frequently, perhaps too frequently, changed. But still there has been some law in existence upon the subject. In order to ascertain whether a deed has been “duly executed and acknowl *133 edged,” the execution and acknowledgment must be compared with the law in force at the time of such execution, and, if executed and acknowledged in conformity with such law, then it has been “ duly executed and acknowledged.” It was to these laws that the act of 1805, relative to dower, has reference, when it speaks of a deed “ duly executed and acknowledged.” In order that a deed may have been “ duly executed and acknowledged,’ it must have been executed not only in conformity with the forms of law, but by persons, in law, capable of executing such instruments.
The law in force at the time the deed now under consideration was executed, was the law of February 14, 1805, “ providing for the execution and acknowledgment of deeds.” 1 Chase’s L. 484. This law must have been under consideration by the^ legislature at the same time with the law relating to dower; one being passed on the 12th, the other on the 14th of February, and both taking effect on the 1st day of June then next. So far as they relate to the same subject matter, they must be taken together in construing. The one provides that a feme covert may relinquish her right of dower by deed “ duly executed and acknowledged.” The other prescribes the manner in which a deed, to be “ duly executed and acknowledged ” by a feme covert, shall be executed and acknowledged, and also the age at which the feme must have arrived to execute such deed. The law is as follows: “ Where any husband and wife shall incline to dispose of, or convey, the estate of the wife, or her right in or to any lands, tenements, *or [133 hereditaments whatsoever, it shall and maybe lawful for said husband and wife, she being not less than eighteen years of age, to make, seal, deliver, and execute, any grant, bargain and sale, lease, release, feoffment, deed, conveyance, or assurance, in the law whatsoever, for the lands, tenements, and hereditaments intended to be by them passed and conveyed, and, after such execution, to appear before a judge of the Supreme Court, or court of common ipleas, or a justice of the peace, and acknowledge the same, which 'judge or justice of the peace is hereby authorized and required to take such acknowledgment, in doing whereof he shall examine the wife separate and apai’t from her husband, and shall read, or otherwise make known, the full contents of such deed or conveyance, to the said wife, and if, upon such separate examination, she shall declare that she did voluntarily, and of her own free will and ac *134 cord, seal, and as her act and deed deliver such deed or conveyance without any coercion or compulsion of her ‘husband, and the said judge or justice taking such acknowledgement shall, under his hand and seal, certify the same upon the back of the deed or conveyance.
The deed now under consideration appears to have been executed and acknowledged in conformity with the provisions of this law, so far as the manner of execution is concerned. But it was executed by complainant, Sarah, when she had no capacity to do it. She had no capacity except under the statute, because she was a feme covert, and she had no capacity-under the statute because she was not eighteen years of age. As to her, then, the deed is void, or at least voidable, and can not operate to bar her right of dower. .This opinion is sustained by the case of Bool and wife v. Mix, 17 Wend. 119, in which' it was held by the Supreme Court of New York, that “where a party is an infant as well as feme covert, the disability arising from infancy remains, although she execute and acknowledge a deed in the form prescribed by the statute.”
Another ground of defense is, that the deed, of an infant not being void, but voidable, the complainant, Sarah, should have 134] *done some act disaffirming the deed prior to the commencement of this suit.
This subject was fally considered by this court in the case of Drake v. Ramsay, 5 Ohio, 252; and it was finally decided that a deed made by an infant might be disaffirmed, whilst an'action of ejectment was not bound by the statute of limitations, and that no previous act of disaffirmance was necessary prior to the commencement of the suit. In the case before cited, 17 Wend. 119, the Supreme Court of New York seem to have considered some such previous act necessary. It is a question about which there is much contrariety of opinion, and with respect to which there have been contradictory decisions. As, however, it has been once decided by this court, we prefer to adhere to that decision. In the case before us, there is no bar under the stutute of limitations, and the filing the bill in chancery for dower is as clearly an act of disaffirmance of the deed made by the complainant, Sarah, while an infant, as would be the institution of an action of ejectment.
Another objection taken by the defendants’ counsel is, that here is a misjoinder of parties. Although at the time of alienation the *135 lot of ground in which dower is claimed was entire, the defendants now own in severalty distinct parts of it, and have no community of interest in any one part. The different parts were probably so holden in severalty at 'the time the complainant Sarah’s right of dower was consummated by the death of her husband. A majority of the court incline to the opinion that there is a misjoinder, but we are relieved from the necessity of deciding this question. It seems that there was an agreement entered into by counsel heretofore engaged in the case to waive any objection on this account. At least it is so stated by the counsel for the complainants, and not denied. By this agreement the defendant must be concluded.
It is claimed that the complainant Sarah is entitled not only to he endowed in the premises, but that she is entitled to damages equivalent to one-third of the rents and profits of the premises since dower demanded, deducting therefrom one-third of *the taxes paid. It has been settled in the case of the [135 Bank of "United States v. Dunseth,† decided at the present term, that in a proceeding for dower, no damages can he recovered.
A decree may be taken for the complainants, allowing dower according to the value of the premises at the time of assignment excluding all increase of value from improvements made upon the premises by the alienees since alienation, but including all increase from other extrinsic and general causes.
Decree for the plaintiffs.

Ante, 18,