District Courts — Personnel — Salaries No secretaries will be authorized for a district judge after January 13, 1969. Associate district judges may hire such secretaries as they propose and as may be approved by the county commissioners. These secretaries are to be paid from the county general fund. The new juvenile code authorizes only those counties with a population in excess of 100,000 to retain their present juvenile officers after January 13, 1969. These officers are to be paid from balances of present appropriations made for them. Associate district judges may hire such probation and/or juvenile officers as they may propose and county commissioners will approve after January 13, 1969. These officers will be paid from the county general fund. After January 13, 1969, the statutes authorizing the marshals for special sessions courts will be effectively repealed and there will be no question concerning their salaries. After January 13, 1969, the judge of any court of record, district judge, associate district judge, special judge, may appoint bailiffs to serve in his court to be paid a per diem from the new court fund. Associate district judges may also hire such bailiffs for their court as they may propose and the county commissioners will approve. The bailiffs will be paid from the county general fund. The Attorney General has had under consideration your letter of August 12, 1968, wherein you in effect ask the following questions: Who will pay the salaries of the present employees of the Special Sessions Court and the County Court after January 13, 1969? Will the employees be paid by the county, district or state after the transition to the new court system? Specifically, who pays secretaries, bailiffs, juvenile officers, and marshals? Who is to pay the salaries of secretaries to the District Judges of districts composed of less than four counties? Oklahoma Session Laws 1968, ch. 162, Section 1, p. 249 (20 O.S. 91.1 [20-91.1] (1967)), provides: "The District Courts of the State of Oklahoma are the successors to the jurisdiction of all other courts, including the Superior Courts, the County Courts, the Courts of Common Pleas, Special Sessions Courts, Courts of Special Sessions, City Courts, Juvenile Courts, Children's Courts, Justice of the Peace Courts, and municipal courts in civil matters and proceedings for the violation of state statutes." The new Article VII, Section 7 Oklahoma Constitution, provides: "(c) Common Pleas, County, Children's and Juvenile Court Judges shall become Associate District Judges in the following manner: . . . . "(h) The District Judges in each judicial administrative district shall appoint special judges to serve at their pleasure . . . . All judges of special sessions courts shall become Special Judges for the remainder of their terms." (Emphasis added) These provisions all become effective on January 13, 1969. Judges can hire only those assistants authorized by law. Public officers have only such authority as is conferred upon them by law and such authority must be exercised in the manner prescribed by law. Brown v. State Election Board, Okl. 369 P.2d 140. The only specific authority for a district judge to hire a secretary is found in 20 O.S. 119 [20-119] (1967): "Any District Judge of this State who is the only District Judge in a Judicial Nominating District and the District is composed of four or more counties is authorized . . . to appoint a suitable and qualified person to be employed as a secretary to the District Judge . . . . Upon the filing of an order determining the amount needed to pay the salary and expenses of such secretary, each of the court funds of the Judicial District shall be obligated to pay their proportionate part thereof in proportion to the population of the county to the population to the entire Judicial District . . . . Only district judges in districts composed of four or more counties are authorized to hire a secretary, and all the court funds of the district contribute to the salary. District judges in districts composed of less than four counties are not authorized to hire a secretary, so there is no question about their salaries at the present time." Title 20 O.S. 119 [20-119] (1967), is repealed effective January 13, 1969. After that date, no district judge is authorized to hire a salaried secretary. The statutes do not specifically authorize a county or special sessions judge to hire secretaries. Title 19 O.S. 180.65 [19-180.65] (1967), provides: "(a) The officers named in groups `A' and `B' shall have such number of regular or technical deputies, assistants, investigators, evidence men, aides, stenographers or reporters, technicians, undersheriffs, jailers, matrons, handwriting and fingerprint experts, probation officers, and/or juvenile officers, bailiffs, or other help, whatever title the principal officer may ascribe to the duties or functions to be performed as authorized by law and dearly related to the proper accomplishment of lawful functions, whether on whole or part-time basis, at such rates of salary or pay, subject to the provisions of this section as hereinafter set forth, as the principal officer may propose and establish the need of and the county commissioners will approve, for the adequate accomplishment of the functions of the office and the performance of the duties imposed thereon by law. . . ." Oklahoma Session Laws 1968, ch. 198, Section 1, p. 323 (19 O.S. 180.61 [19-180.61](a) (1967)), provides: "For the purposes of fixing salaries under this Act, county officers shall be grouped in the following classifications: "A. Enforcement officers or those charged with enforcing the laws relating to public peace and safety: the county sheriff, the county treasurer, the county clerk, the court clerk, the clerk of the court of common pleas, the county assessor, and the members of the board of county commissioners, the county judge and judges in court of common pleas where established. "(B). The other superintendent of schools. "(C). Other elective county officers." (Emphasis added) Under these provisions, a county judge is a group "A" officer. Although secretaries are not specifically named as authorized employees, if a county judge can justify the need for one, and the county commissioners approve, he may hire one under authority of 19 O.S. 180.65 [19-180.65] (1961). The salaries of the employees hired by virtue of 19 O.S. 180.65 [19-180.65] (1961), are to be paid from the county general fund. See Nixon v. Roberts, Okl., 420 P.2d 903 (1966). After January 13, 1969, the reference in Oklahoma Statutes to the courts, or a judge thereof, which are abolished as of that date are to be read to refer to the district court or a judge thereof. Oklahoma Session Laws 1968, ch. 162, Section 1, p. 249 (20 O.S. 91.1 [20-91.1] (1967)), states: ". . . Wherever reference is made in the Oklahoma Statutes to any of the above courts county courts or to the judge thereof, it shall be deemed to refer to the District Court or a judge thereof; provided, however, that any statute that refers to the salary of the judge of any Superior Court, Court of Common Pleas, County Court, Juvenile Court, or Children's Court, insofar as that portion of the statute dealing with salary is concerned, shall not be deemed to refer to any district judge, associate district judge or special judge, and any salary mentioned in such statute shall not be paid to the judge who succeeded to the jurisdiction of the judge who is named in the statute." The new Article VII, Section 8(c) of the Oklahoma Constitution, provides that a county judge shall become an associate district judge. Article VII, Section 7(a) provides: "Existing electing districts for all who are or who become District Judges and Associate District Judges under the terms of this Article shall remain as they are constituted for the offices formerly held by such persons on the effective date of this Article, until changed by statute. . . ." The county judges will become associate district judges as of January 13, 1969. Each county will have at least one associate district judge, and associate district judges will be elected from the various counties. The reference to a county judge in Oklahoma Sessions Laws 1968, ch. 198, Section 1, p. 323 (19 O.S. 180.61 [19-180.61] (1967)), will be read to refer to an associate district judge and he will be a class "A" officer. This statute states that it is classifying county officers for the purpose of fixing salaries, but this same classification is used in 19 O.S. 180.65 [19-180.65] (1961), for the purpose of providing "help" for such officers. O.S.L., 1968, ch. 162, Section 1, states that references to abolished courts are not to be read to refer to new courts and judges only if the statute deals with a salary of the judge. We are reading the statute to refer to an associate district judge for the purpose of providing help, and not for the payment of a salary. After January 13, 1969, an associate district judge may hire such additional help, including secretaries, as the county commissioners will approve. This help will, as before, be paid from the county treasury. The new Article VII, Section 11 of the Oklahoma Constitution recognizes that the counties may be called upon to bear part of the burden of the new court system: ". . . All basic salaries and expenses, or any portion thereof, of judges of District Courts shall be paid by the State unless otherwise provided by Statute with such additional salaries as may be provided by statute to be paid by the respective districts or counties." The judge of a special sessions court is not a group "A" or group "B" officer and he does not have the authority that these officers have to hire additional personnel. There is no specific authority for a judge of a special sessions court to hire a secretary. There is no question concerning payment of their salaries. Juvenile officers are provided for in 10 O.S. 126.1 [10-126.1] through 10 O.S. 126.9 [10-126.9] and 10 O.S. 127.1 [10-127.1] through 10 O.S. 127.12 [10-127.12] (1961), as amended. The juvenile officers are presently paid by the county. The 1968 legislature enacted a new juvenile code which will be effective on January 13, 1969. This new code is found in Oklahoma Session Laws 1968, ch. 383, Sections 101 through 504, pages 444461. In Section 502, the old juvenile code was repealed and the provisions relating to juvenile officers will no longer be in effect. The new code in sections 201 through 210 provides for a Juvenile Bureau in counties with a population of over 100,000. In Section 210 there is a provision to retain the juvenile officers of the abolished juvenile or children's court in a similar position in the newly formed Juvenile Bureau until the presiding judge of the judicial administrative district shall otherwise direct. Salaries of these officers carried over are to be paid from the balance in any appropriations made under the repealed acts. There will be no authority under these acts for any other judges to hire juvenile officers after January 13, 1969. Title 19 O.S. 180.65 [19-180.65] (1961), quoted above, permits group "A" and "B" officers to hire such probation and/or juvenile officers as the officer may propose and the county commissioners will approve. This is additional authority for a county judge, a class "A" officer, to hire juvenile officers. Juvenile officers hired under these provisions are to be paid from the county general fund. After January 13, 1969, as stated previously, the associate district judges will be class "A" officers for the purpose of hiring additional help. The associate district judges will be authorized to hire such probation and/or juvenile officers as the judges may propose and the county commissioners will approve. These officers will be compensated from the county treasury. There is statutory authority for the appointment of marshals in special sessions courts. The legislation creating the special sessions courts is found in 11 O.S. 831 [11-831] through 11 O.S. 872 [11-872] (1961), as amended. The statutes provide for the appointment of marshals by the judges of these courts. The statutes provide that these marshals are to be paid a salary by the county wherein the court is situated in the same manner as other officers of the county. Oklahoma Session Laws 1968, ch. 162, Section 8, p. 250, repealed all the statutes dealing with the special session courts, effective January 13, 1969. After this date, there will be no authority for the existence of these courts or for the employment of any of their personnel. In the new Article VII, Section 8(h) of the Oklahoma Constitution, the judges of the special sessions courts are to become special judges for the remainder of their terms. This is the only legislation found providing for a carry over of personnel from these courts. The provisions dealing with court bailiffs are found in 19 O.S. 551 [19-551] and 19 O.S. 552 [19-552] (1967). Section 19 O.S. 551 [19-551] provides: "Necessary bailiffs upon any court of record in this state shall be appointed by the judge thereof and such bailiffs shall receive in full compensation not to exceed the sum of Twelve Dollars ($ 12.00) per day while in actual attendance and service of said court; . . . ." A county judge is authorized to appoint bailiffs. A special sessions court is nota court of record and there are no provisions for the appointment of bailiffs in this court. Section 19 O.S. 552 [19-552] provides: "In all counties of the State of Oklahoma having a population in excess of sixty thousand (60,000), according to the 1960 Federal Decennial Census or any succeeding Federal Decennial Census, there is hereby created the office of bailiff for the district courts, common pleas courts and county courts of the counties, with each such bailiff to be appointed by order of the judge with and for whom he is serving, . . . . The bailiffs so appointed shall each receive and be paid a salary out of the court fund of the county where he is appointed . . . ." Title 62 O.S. 321 [62-321] through 62 O.S. 323.1 [62-323.1] (1961), as amended, provided for a county court fund. These provisions relating to the county court fund were repealed by Oklahoma Session Laws 1968, ch. 412, Section 20, p. 702, effective May 17, 1968, when approved with an emergency clause. This same chapter provides for the creation of a new court fund and authorizes the payment of bailiff's per diem from this new court fund. Section 4 provides: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof. The term `expenses' shall include . . . per diem of bailiffs. . . ." (Emphasis added) There is no provision for the payment of any salary to a bailiff from this court fund. Since the court fund act was passed later in time than 19 O.S. 552 [19-552] (1967), it will control. All authorized bailiffs should now receive a per diem from this new court fund. After January 13, 1969, each judge of a court of record may appoint necessary bailiffs for his court, and these bailiffs will receive a per diem from this new court fund. Title 19 O.S. 180.65 [19-180.65] (1961), quoted above, provides that group "A" and "B" county officers may hire such bailiffs as the officers may propose and the county commissioners will approve. This is an alternative method for a county judge to hire bailiffs as he is a class "A" officer. Bailiffs hired under this method are to be paid from the county general fund. After January 13, 1969, as stated previously, the associate district judges will be class "A" officers for the purposes of hiring additional help authorized in 19 O.S. 180.65 [19-180.65] (1961). The associate district judges will be authorized to hire such bailiffs as they may propose and the county commissioners will approve. These bailiffs will be compensated from the county general fund. In conclusion, it is the opinion of the Attorney General that no secretaries will be authorized for a district judge after January 13, 1969. Associate district judges may hire such secretaries as they propose and as may be approved by the county commissioners. These secretaries are to be paid from the county general fund. The new juvenile code authorizes only those counties with a population in excess of 100,000 to retain their present juvenile officers after January 13, 1969. These officers are to be paid from balances of present appropriations made for them. Associate district judges may hire such probation and/or juvenile officers as they may propose and the county commissioners will approve after January 13, 1969. These officers will be paid from the county general fund. After January 13, 1969, the statutes authorizing the marshals for special sessions courts will be effectively repealed and there will be no question concerning their salaries. After January 13, 1969, the judge of any court of record, district judge, associate district judge, special judge, may appoint bailiffs to serve in his court to be paid a per diem from the new court fund. Associate district judges may also hire such bailiffs for their court as they may propose and the county commissioners will approve. These bailiffs will be paid from the county general fund. (Prudence Little)