Delinquents — Custody — Detention Centers No claim against the Court Fund may be authorized or approved as a per diem expense for the detention of children held in custody under order of the Court in accordance with the provisions of 10 O.S. 1107 [10-1107] — 10 O.S. 1108 [10-1108] (1968). Under 10 O.S. 51 [10-51] (1968), there is no authority for the Court to commit dependent and neglected or delinquent children to the care or custody of a County Sheriff. Therefore, he cannot request funds for his budget for such purposes. For counties having a population of 75,000 or more persons as of the last decennial Federal census, where an additional tax levy for such purposes has been made by the County Excise Board, County Commissioners can use such funds for construction or renting of a building to be used as a detention facilitY. For counties having a population less than 75,000 persons, according to the last decennial Federal census they cannot. The Attorney General's office has had under consideration your letter of November 27, 1968, wherein you ask the following questions: "1. If a child is held in custody under order of the Court in accordance with the provisions of O.S.L. 1968, ch. 282, Sections 107-108, (10 O.S. 1107 [10-1107] — 10 O.S. 1108 [10-1108] (1968)), can a per diem claim against the Court Fund be approved and a valid claim as a needed and justified expense for the operation of the Courts so that Orders of the Court can be implemented under provisions of Title 20 O.S. 1301 [20-1301] to 1311 as amended by the 1968 Legislature in the new Court Fund Law? "2. Since a County Sheriff is an Officer of the Court, in a broad sense, and if the Court orders the Sheriff to be responsible for holding in custody these children, can the Sheriff include in his budget and can the County Commissioners appropriate funds for this purpose to the Sheriff of the County? "3. Can the County Commissioners use County Funds for the construction of a detention facility? "4. Can the County Commissioners appropriate County Funds for the renting of a building to be used for the purpose of detaining children under order of the Court?" In regard to your first question, O.S.L. 1968, ch. 412, Section 4, (20 O.S. 1304 [20-1304] (1968)), provides: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof. The term `expenses' shall include payments authorized to be made pursuant to the provisions of House Bill No. 1198 of the Second Session of the Thirty-first Legislature and 19 O.S. 771 [19-771], 19 O.S. 772 [19-772], 19 O.S. 773 [19-773] and 19 O.S. 774 [19-774] (1961), as amended by Sections I through 8, inclusive, of Chapter 88, O.S.L. 1963 (19 O.S.Supp. 1967 Sections 771[19-771] [19-771] through 778, inclusive), for purposes of paying principal and interest on bonds issued prior to January 1, 1968, fees of jurors and witnesses, per diem of bailiffs, office supplies, furniture, fixtures and equipment and the maintenance thereof, for the judge's chambers, the courtroom, the clerk's office, other areas primarily used for judicial functions, and the law library only, judicial robes, printing, the publication of the court dockets in a daily newspaper qualified to publish legal notices in the county, books for records, postage, attorney's fees for paupers, transcripts ordered by the court, part-time help, special services in instances hereafter authorized by law, and redecoration of the courtroom, the judge's chambers and the clerk's office; provided further, that no salaries of full-time court clerks and deputy court clerks shall be paid out of the Court Fund; . . ., provided, nothing in this Act shall prevent the construction of additional courtrooms within existing courthouse facilities, from funds other than the Court Fund." (Emphasis added) This statute enumerates those expenses which shall be the subject of valid claims against the court fund. It is a general rule of law that where a statute enumerates certain things or acts, those things or acts not expressly mentioned are excluded from its effect. 82 C.J.S., Statutes, Section 333, State v. Cline, Okl. Cr., 322 P.2d 208 (1958). The only portion of this statute which could possibly be construed as authorizing a per diem claim against the Court Fund would be that portion underlined. However, the word "hereafter" prohibits such a claim, in that the provisions of O.S.L. 1968, ch. 282, (10 O.S.Supp. 1968, ch. 51), pertaining to the detention of juveniles by the Court, was approved prior to the approval of O.S.L. 1968, ch. 412, Section 4, (20 O.S.Supp. 1968 Section 1304[20-1304] [20-1304]). It is the opinion of the Attorney General that no claim against the Court Fund may be authorized or approved as a per diem expense for the detention of children held in custody under Order of the Court in accordance with the provisions of O.S.L. 1968, ch. 282, Sections 107-108, (10 O.S.Supp. 1968, Sections 1107-1108[10-1107-1108]). In O.S.L. 1968, ch. 282 (10 O.S. 51 [10-51] (1968)), there is no authority for the Court to commit dependent and neglected or delinquent children to the care or custody of a County Sheriff. Therefore, it is the opinion of the Attorney General that your second question should be answered in the negative. O.S.L. 1967, ch. 367, Section I, (10 O.S. 131 [10-131] (1968)), provides: "The county commissioners of any county of this State having a population of not less than seventy-five thousand persons, according to the last decennial Federal census, or any decennial Federal census hereafter taken, are hereby authorized and empowered, if they deem it necessary or expedient, to purchase a farm and to construct, establish, equip and maintain thereon, at the expense of the county, county supervised schools and homes for neglected and dependent boys and girls of such county, under the age of sixteen years, who may be appointed to such schools by the juvenile court of such county, and to make enlargements and additions thereto from time to time. Such commissioners shall also have power to purchase farm equipment to be used in connection with such schools, to purchase materials, supplies and equipment for manual, vocational or other training or education, and to erect, enlarge, remodel, and repair such building, dormitories, residences, administration and school buildings, and barns and outbuildings as they may from time to time deem necessary or expedient. "Provided, that such county commissioners may rent a suitable site and buildings for such purpose, and purchase the necessary equipment and supplies therefor. Provided, further, that said county commissioners shall make no expenditures or contract for expenditures hereunder until a tax levy for such purposes shall have been made as hereinafter provided; and provided, further, that the juvenile court of such county, may, in his discretion, commit dependent and neglected children to such other institutions as may be now or hereafter provided by law for such purposes, or to the care of some association or corporation willing to receive them, which said corporation or association embraces in its objects the purpose of caring for and obtaining homes for such neglected and dependent children ." Title 10 O.S. 132 [10-132] (1961), provides: "For the purpose of purchasing sites, erecting or enlarging buildings, purchasing equipment, repairing or remodelling buildings or equipment and for the purpose of defraying the maintenance cost and current running expenses of such schools and homes, the excise board of each county hereby authorized to establish and conduct such schools and homes, is hereby authorized in addition to all other levies, to make an annual levy upon all property in the county subject to taxation upon an ad valorem basis, of not to exceed one-half of one mill per annum, which is hereby declared not to be a current expense, and to be for a special purpose, known as County Supervised School and Home Fund, in addition to the maximum levy for current expenses now provided by law." This is the only authorization given to County Commissioners to construct or rent such facilities. In the fifth paragraph of the syllabus State ex rel. Thare et al. v. Board of County Commissioners of Creek County et al,188 Okl. 184, 107 P.2d 542 (1940), the court held: "Boards of County Commissioner derive their power and authoritY wholly from the statutes, and acts performed by them must be done pursuant to authority granted by valid legislative enactments." Therefore, it is the opinion of the Attorney General that your third and fourth questions should be answered in the affirmative for counties having a population of 75,000 or more persons as of the last decennial Federal census, where an additional tax levy for such purposes has been made by the County ? Excise Board; and your third and fourth questions should be answered in the ; negative for counties having a population less than 75,000 persons, according to the last decennial Federal census. (Robert D. McDonald)