JUVENILE HOMES — RECEIPT OF FUNDS FROM DEPARTMENT OF WELFARE It is legally proper for the Department of Institutions and Social Rehabilitative Services to contract with the Judge of the Juvenile Court as a member of the supervisory board or the superintendent of the county homes for dependent and neglected children (Blinn House and Taylor Home) for those benefits as set forth in Senate Bill 80, First Session, 33rd Legislature. The Attorney General has had under consideration your request for an opinion with respect to juvenile homes in Oklahoma County. By letter and through subsequent phone conversations you have asked the following question: "In Oklahoma County there has been in existence for more than two years prior to May 27, 1971, a County Boys' Home (Taylor Home) and a County Girls' Home (Blinn House), which care for dependent and neglected children. May the Judge of the Juvenile Court along with the County Commissioners as the Board of Directors for these County Homes enter into a contract with the Department of Institutions and Social Rehabilitative Services pursuant to Senate Bill No. 80 which was signed by the Governor on May 27, 1971, with the emergency clause in order to receive the $15 per month for children in Taylor Home and Blinn House?" Senate Bill 80 of the First Regular Session of the Thirty-Third Legislature provides as follows: "Section 2. The Department of Public Welfare is authorized to expend the funds appropriated in Section 1 of this act by contracting with the superintendent, or other chief officer, of orphans' homes or institutions within the State of Oklahoma to furnish food, clothing, shelter and upkeep for Oklahoma orphans and destitute and delinquent minor children. . . . "Section 3. To be eligible to receive contractual benefits provided in this act, such orphans' home or institution must have been regularly organized, operated and maintained for at least two (2) years prior to the effective date of this act, and must take satisfactory proof to the Department of Public Welfare that it is adequately equipped and operated in a manner sufficient to provide care and supervision. Such orphans' home or institution shall be required by the Department of Public Welfare to submit to the said Department a verified statement of all receipts and expenditures made by the orphans' home or institution during its preceding fiscal year and the said statement shall also show from what sources its receipts are derived and the funds to be made available for the support of the orphans and destitute and delinquent minor children in the said orphans' home or institution, . . ." (Emphasis added) Chapter 6 of Title 10 of the Oklahoma Statutes provides generally for county schools and homes for dependent and neglected children. Specifically, 10 O.S. 133 [10-133] (1970) provides for supervision as follows: "The Judge of the Juvenile Court, . . . and the Chairman of the Board of County Commissioners and the County Superintendent of Public Instruction shall constitute a board of general supervision for such schools and homes. They shall appoint a superintendent, . . . fix the salaries. . . The said Board shall also have the power to remove any appointee at will." Section 2 of Senate Bill 80, supra provides that the Department of Public Welfare may contract with the "Superintendent, or other chief officer". In construing this statute with the provisions of Section 133, supra, it is evident that the Department of Public Welfare could contract with either the superintendent appointed by the Board or with the Board directly through the Judge of the Juvenile Court. Accepting your statement that the institutions enumerated in your question have been in existence for at least two years prior to the effective date of Senate Bill 80, it appears that these County Homes, created under 10 O.S. 181 [10-181] (1970) provide care and maintenance, such as food, clothing, shelter and upkeep, of dependent and neglected children within the meaning of the statute. Therefore subject to the provisions of Senate Bill 80 which allows the Department of Public Welfare to determine the existing need and conditions of the various homes or institutions, it would be permissible for the Department of Public Welfare to enter into the contract you suggest. It is the opinion of the Attorney General that your question be answered in the affirmative. It is legally proper for the Department of Institutions and Social Rehabilitative Services to contract with the Judge of the Juvenile Court as a member of the supervisory board or the superintendent of the county homes for dependent and neglected children (Blinn House and Taylor Home) for those benefits as set forth in Senate Bill 80. (Paul C. Duncan) (Conflict of Interest)